# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| JACOB ANDREW BERGERON,           | ) |                              |
| Plaintiff,                       | ) |                              |
|                                  | ) | Civil Action No.             |
| v.                               | ) | 19-11730-FDS                 |
|                                  | ) |                              |
| UNKNOWN STATE AGENTS,            | ) |                              |
| Defendant.                       | ) |                              |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, the petition for writ of habeas corpus will be denied.

On August 9, 2019, Jacob Andrew Bergeron filed a *pro se* pleading entitled "Writ of Habeas Corpus." The case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. On September 19, 2019, this action was reassigned pursuant to Local Rule 40.1(g)(1) as related to *Bergeron v. Unknown Agents of the State of Georgia*, No. 19-11729-FDS.

The petition does not specify a particular section of the habeas statute and is not signed. *See* Docket No. 1. The case caption identifies the respondent as "Unknown State Agents." *Id.* The jurisdictional statement alleges that Bergeron is "under [duress] and with [illegal] restraint upon his liberty, invoking the powers and jurisdictions of the [great writ of habeas corpus]." *See* Compl. p. 1. He alleges that there was a "blatant and obvious speedy trial violation in Douglas County State of Georgia"; that there is a conspiracy "between state actors and [a] federal district court judge of Atlanta unnamed herein out of fear of further retaliation"; and that he has been the

victim of crimes committed pursuant to 18 U.S.C. §§ 1512, 1513, and 2261. *Id.* at 1-2. For relief, he seeks an "order for the federal investigation into the aforementioned matters and facts." *Id.* at 4.

Bergeron did not pay the filing fee or file an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914(a) (filing fee for civil actions); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Proceedings; *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); *Mahoney v. Vondergritt*, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994); *see Eady v. Director, Charleston County*

*Detention Center*, 2011 WL 3704225, *3 (D.S.C. 2011) citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return).

Bergeron resides in Georgia and California and is not alleged to be subject to state or federal custody or confinement. He complains that his rights were violated during unspecified state and federal proceedings and seeks to have this court order a federal investigation, which of course it has no authority to do.

The petition fails to advance any colorable basis from which the Court could find that Bergeron may be entitled to relief. Furthermore, because the petition presents no facts indicating that he is in custody following a conviction or sentence, this court is without jurisdiction to entertain his petition.

## Conclusion

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED. The clerk shall enter a separate order of dismissal.

**So Ordered.**

Dated: September 23, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge